FILED

VANESSA L. ARMSTRONG, CLERK

AUG 21 2019

UNITED STATES DISTRICT COURT   U.S. DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY   WEST'N. DIST. KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                        CRIMINAL NO. 3:19-CR-00068-1-RGJ

**JUSTIN MARTIN ROGERS**                                    DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, **JUSTIN MARTIN ROGERS**, and his attorney, Hon. Brian Butler, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Indictment with the following: **Count 1**, violation of Title 21, U.S.C. § 846, relating to on or about and between March 26, 2018, and January 18, 2019, a conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of Hydrocodone and a mixture and substance containing a detectable amount of Oxycodone; **Count 2**, violation of Title 21, U.S.C. § 841, relating to on or about January 18, 2019, possession with intent to distribute a mixture and substance containing a detectable amount of Hydrocodone and a mixture and substance containing a detectable amount of Oxycodone; and **Count 3**, violation of Title 18, U.S.C. § 922(g), relating to on or about January 18, 2019, possession of a firearm by a convicted felon.

2.      Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty all of the counts of the indictment. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

Between March 26, 2018 and January 18, 2019, in the Western District of Kentucky, Nelson County, Kentucky, and elsewhere, the defendant, Justin Martin Rogers, conspired with other persons, to knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of Hydrocodone and a mixture and substance containing a detectable amount of Oxycodone.

On January 18, 2019, Rogers possessed with the intent to distribute a mixture and substance containing a detectable amount of Hydrocodone and a mixture and substance containing a detectable amount of Oxycodone. Also on that date, Rogers, with knowledge he was a convicted felon, possessed a SCCY Industries LLC, model CPX-1 9 millimeter handgun, serial number 263763, which had affected interstate commerce to reach the Western District of Kentucky.

On January 18, 2019, U.S. Postal Inspectors intercepted a package containing Oxycodone and Hydrocodone being shipped to an address in Bardstown, KY. Postal Inspectors along with the GHCNTF did a controlled delivery of the package to the designated address. At that residence, the defendant and another individual, J.C., retrieved the package and departed the residence. Law enforcement executed a traffic stop and arrested Rogers and his passenger. Law enforcement recovered from Rogers the package, the 9 millimeter handgun described above, ammunition, and $6,187.00 in U.S. currency. Following the stop, Rogers admitted possession of the recovered firearm to law enforcement. Also following the traffic stop, law enforcement executed three search warrants on locations utilized by the defendant and recovered additional Oxycodone, Hydrocodone, other controlled substances, drug paraphernalia, and approximately $43,695.92 in U.S. currency. At the time, Rogers possessed the firearm he knew he was a convicted felon based upon the following convictions:

On or about October 26, 2012, Rogers was convicted of Possession of a

2

Controlled Substance, First Degree with a Firearm, under Bullitt Circuit Court case number 12-CR-00116, in Bullitt County, Kentucky; and

On or about August 16, 2012, Rogers was convicted of Trafficking in a Controlled Substance, First Degree (Cocaine), under Nelson Circuit Court case number 11-CR-310, in Nelson County, Kentucky.

4.      Defendant understands that the charges to which he will plead guilty carry the following penalties: **Counts 1&2**, a maximum of twenty (20) years' imprisonment, a fine up to $1,000,000, and no less than three (3) years' supervised release up to a term of Life (each count); **Count 3**, a maximum of 10 years' imprisonment, a fine up to $250,000, and no more than 3 year's supervised release; and **Total**, a maximum of fifty (50) years' imprisonment, a fine up to $2,250,000, and no less than three (3) years' supervised release up to a term of Life. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

3

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      **The right to a public and speedy trial:** If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      **The right to confront and produce evidence**: At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.      **The right against self-incrimination:** At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without

4

any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.     Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.     Defendant understands that the United States will inform the court that <u>no</u> <u>restitution</u> is owed. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required

10.    Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $100 per count for felony offenses involving individuals to the United States District Court Clerk's Office by the date of sentencing.

11.    At the time of sentencing, the United States will:

At the time of sentencing, the United States and the Defendant shall:

> -agree that a sentence of 84 months' imprisonment is the appropriate disposition of this case;
>
> -agree to a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea and the court may impose any statutorily appropriate sentence;
>
> -agree to a term of not less than 3 years' supervised release; and

5

-agree to a fine at the low end of guidelines as determined by the Court to apply in this case, provided the Court determines the defendant has the ability to pay a fine;

12.     Both parties have reserved for sentencing all arguments relating to the applicable advisory guideline range.

A.     The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

13.     Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

14.     Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control, including but not limited to: a 2010 Black Ford Fusion, VIN number 3FAHPOJA7AR360377; $6,187.00 United States currency; $2,705.92; United States currency; $40,990.00 United States currency; a SCCY Industries LLC, model CPX-1 9 millimeter handgun, serial number 263763; and ammunition.

6

15. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1) (C), this Agreement will become null and void

7

and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

20.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

21.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.


AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____          _8 -21 -19_____
Mac Shannon                                                Date
Assistant United States Attorney


        I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.


_____          _8 -21 - 19_____
Justin Martin Rogers                                       Date
Defendant


8

I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          ____8-21-19_____

Brian Butler                                                            Date
Counsel for Defendant

9